UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODIS COLLINS,

        Plaintiff,              CASE NUMBER: 09-12897
                                            HONORABLE VICTORIA A. ROBERTS
v.

MARINERS INN, CITY OF DETROIT,
and MONICA CONYERS,

        Defendants,

And

CITY OF DETROIT,

        Cross-claim Plaintiff,

v.

MARINERS INN,

        Cross-claim Defendant.
_____/

## ORDER

### I.    Introduction and Procedural History

This matter is before the Court on Defendant City of Detroit's Motion for Reconsideration of the May 18, 2011 Order. (Doc. 101).

On July 22, 2009, Plaintiff filed suit against Mariners Inn, the City of Detroit, and Monica Conyers, alleging (1) violation of the Whistleblower Protection Act (WPA), (against all Defendants); (2) retaliation for exercising his First Amendment rights in violation of § 1983, (against all Defendants); (3) violation of § 1985 (against Mariners

Inn and the City); (4) tortious interference with an advantageous business relationship (against the City and Conyers); and (5) wrongful termination in violation of public policy (against all Defendants).

The City of Detroit filed a motion for summary judgment, which the Court granted in part in an Order dated May 18, 2011.  The Court dismissed all of Plaintiff's claims against the City, except Plaintiff's § 1985 claims.

The City now asks the Court to reconsider its decision to allow Plaintiff's § 1985 claims against the City to proceed to trial.

**II.    Standard of Review**

A court will grant a motion for reconsideration if the movant can (1) "demonstrate a palpable defect by which the court and the parties . . . have been misled," and (2) "show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  A motion for reconsideration that presents "the same issues ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(h)(3); *see Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

**III.   Law & Analysis**

This Court dismissed Plaintiff's § 1983 claims against the City because they were not based on an official policy or custom; thus the City, a municipality, could not be held

liable. The City says that for the same reasons the Court dismissed Plaintiff's § 1983 claims, the Court must also dismiss Plaintiff's § 1985 claims.

However, the City did not present this argument in its motion for summary judgment, and the Court declines to consider it now. The Plaintiff has no opportunity to respond to a motion for reconsideration, and the City offers no reason why it failed to introduce this argument in its motion for summary judgment. Moreover, the Court notes the City cites no case law from the Sixth Circuit or district courts within this circuit in support of its argument.

The City does not carry its heavy burden to support this motion for reconsideration.

## IV. Conclusion

The Motion is **DENIED.**

**IT IS ORDERED.**

                                                 s/Victoria A. Roberts
                                                 Victoria A. Roberts
                                                 United States District Judge

Dated: June 13, 2011

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 13, 2011.

s/Linda Vertriest
Deputy Clerk

---