UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THEODIS COLLINS,

    Plaintiff,

vs                                          Case No: 09-12897
                                                     Honorable Victoria A. Roberts

MARINERS INN, and MONICA CONYERS,

    Defendants.

_____/

## ORDER

**I.     INTRODUCTION**

This matter is before the Court on two motions *in limine* brought by Defendant Mariners Inn (1) to exclude evidence in support of front pay damages (Doc. 115); and (2) to exclude evidence, argument, or testimony regarding other lawsuits filed against Mariners Inn (Doc. 114). The matters have been fully briefed, and the Court heard oral argument on October 11, 2011.

The Court: (1) **DENIES** the motion to exclude evidence in support of front pay damages in part; (2) **RESERVES RULING** on this motion in part; and (3) **GRANTS** the motion to exclude evidence, argument, or testimony regarding other lawsuits filed against Mariners Inn.

Regarding the motion to exclude evidence of front pay damages, the Court will admit evidence that Plaintiff had a number of jobs prior to his employment at Mariners Inn. The Court will also admit evidence of Plaintiff's disciplinary history at Mariners Inn.

1

The Court reserves ruling on whether Plaintiff's disciplinary history at his prior employers is admissible.

The Court instructs Defendant Mariners Inn to provide additional authority supporting its position that Plaintiff's disciplinary history at his prior employers is admissible.

## II. ANALYSIS

### A. Motion to Exclude Evidence in Support of Front Pay Damages

Mariners Inn argues that Plaintiff's claim for front pay is too speculative to be presented to the jury. Mariners Inn identifies two factors that it believes belie Plaintiff's contention that he would have been employed at Mariners Inn long term: (1) his sporadic employment history, including his history of discipline at previous employers; and (2) his disciplinary record while employed at Mariners Inn. Mariners Inn points out that between 2000 and 2009, Plaintiff worked no fewer than five jobs and was fired from three of them for offenses of failing to replace a stolen radio, sending pornographic email, and allegations of workplace violence. Plaintiff worked at his fourth job for only five months before leaving to join Mariners Inn. According to Mariners Inn's expert, Plaintiff "has developed almost a pattern of losing a job, either by quitting or being dismissed." Additionally, Mariners Inn argues that Plaintiff's history of discipline at Mariners Inn indicates that the employment relationship was likely to end soon.

Plaintiff responds that Mariner's Inn was his first job since he received his masters degree, and that he planned to retire there. Unlike his previous positions, where he was disciplined, Plaintiff says he intended his job at Mariners Inn to be his

2

permanent career, and the fact that he was there for three years supports this. Plaintiff also argues that his disciplinary record at his previous jobs is irrelevant because he intended those jobs to be temporary and never intended to make a career out of any of them.

Front pay is an equitable remedy awarded to compensate the plaintiff for lost future wages and benefits. *Griffin v. Michigan Dept. of Corrections*, 5 F.3d 186, 189 (6th Cir. 1993). The Court determines whether plaintiff is entitled to front pay, and the jury determines the amount of front pay. *Bordeau v. Saginaw Control & Engineering, Inc.*, 477 F.Supp.2d 797, 798 (E.D. Mich. 2007), *citing Arban v. West Publishing Corp.*, 345 F.3d 390, 406 (6th Cir. 2003).

None of the cases cited by Mariners Inn address the threshold issue of whether front pay evidence should be admissible; they merely state that when determining the *amount* of front pay, the jury cannot rely solely on speculation. In *Arban v. West Pub. Corp.*, 345 F.3d 406 (6th Cir. 2003), the Sixth Circuit held that the district court did not abuse its discretion in failing to submit plaintiff's front pay claim to the jury because the front pay evidence plaintiff presented to the court was purely speculative. In *Katch v. Speidel*, 746 F.2d 1136 (6th Cir. 1984), the Sixth Circuit held that plaintiff's own speculative estimate of his annual salary increases and bonuses was not concrete enough to support the damage award returned by the jury. The court did not hold that the jury should not have considered any evidence on front pay damages though.

Here, the Court will allow the jury to hear evidence that Collins held a number of jobs prior to his employment at Mariners Inn, including the dates of his prior employment. The Court will also allow the jury to hear evidence on Plaintiff's

disciplinary history at Mariners Inn. These matters are relevant and will assist the court in determining whether front pay damages are appropriate.

The Court reserves ruling on whether to allow evidence of Plaintiff's disciplinary history at his prior employers. This evidence has the potential to be more prejudicial than probative. The Court will consider additional authority before ruling on this issue.

**B. Motion to Exclude Evidence, Argument, or Testimony Regarding Other Lawsuits Filed Against Mariners Inn**

Mariners Inn seeks an order precluding Plaintiff from offering at trial any evidence related to other lawsuits against Mariners Inn filed by an employee or former employee. Mariners Inn argues that any other lawsuit is irrelevant because Plaintiff's claim is for individual retaliation, and that any such lawsuit should be excluded under FRE 403 because it would risk confusing the jury into thinking that Plaintiff alleges a pattern or practice of discrimination, and because it could inflame the jury.

Plaintiff responds that he would like to use the case that Ms. Jenkins, Plaintiff's former supervisor, brought against Mariners Inn for the purpose of impeaching Ms. Jenkins if at trial she upholds the character of Mariners Inn's employment practices.

The Court does not believe that the fact that a corporation has one case against it impeaches the character of its employment practices. Additionally, admission of the other lawsuit would be more prejudicial than probative. *See McLeod v. Parsons Corp.*, 2003 WL22097841 (6th Cir.)(unpublished). For these reasons, the court will not allow the prior lawsuit to be admitted. The Court may revisit this ruling if Plaintiff can show specific statements that Ms. Jenkins testifies to at trial that are directly contrary to her

statements in the prior lawsuit.

### III. CONCLUSION

For these reasons, Mariners Inn's motion to exclude evidence in support of front pay damages is **DENIED** in part. The Court **RESERVES RULING** on whether evidence of Plaintiff's disciplinary record at his prior jobs is admissible. The Court **GRANTS** Mariners Inn's motion to exclude evidence, argument, or testimony regarding other lawsuits filed against Mariners Inn.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: October 11, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 11, 2011.

S/Linda Vertriest
Deputy Clerk